IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GABRIEL M. ROBLES, and<br>BONNIE ROBLES, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | Case No. 06-0915-CV-W-SWH |
| STATE OF MISSOURI, et al., | )<br>)<br>) | |
| Defendants. | ) | |

## ORDER

On November 6, 2006, plaintiffs filed an Application for Leave to File Action Without Payment of Fees and an Affidavit of Financial Status (doc. #1 and #2) and an Application for Appointment of Counsel (doc. #3). Plaintiffs also provided the Court with a Civil Complaint to be filed in the event plaintiffs were allowed to proceed in forma pauperis. (See doc. #1-2)

Plaintiffs' Civil Complaint is brought against the State of Missouri, the State of Iowa, the United States of America, Governor Matt Blunt, Governor Tom Vilsack, President George W. Bush, Randy Rodriguez, broker, and Roseanne Kempf, dba Schoolhouse Apartments. Plaintiffs' Statement of Claim provides: "The Defendants and their co-conspirators (employee's) did and have conspired to deny Plaintiff's of their constitutional rights to conceal widespread government racism. Anti-Christian motives." (Civil Complaint, doc. #1-2 at 2) In addition to the above paragraph typed on the preprinted form, plaintiffs have also attached a typed document styled Civil Complaint, Statement of Claim. (See doc. #1-2 at 3-5) That document alleges in part:

> In Mason City, Iowa., on or about July or August of 2005, Defendant Randy Rodriguez filed fraudulent court documents in Cerro Gordo County, Iowa court that falsely claimed that the Plaintiff's had defaulted on purchased property (2), one of

which was (unbeknowst [sic] to plaintiff's) owned by defendant Roseanne Kempf.

Plaintiff Robles attempted to file a federal lawsuit for relief but was given bogus instructions on how to file. Senator Charles Grassley's Iowa office was contacted about the bogus filing instructions and the Senator's representative Mimi Sanford contacted the same court and spoke to the same person Plaintiff Robles spoke with and Ms. Sanford was given the exact same instructions. Based on the bogus instructions the federal court in Iowa dismissed the claim for improper filing. Defendant United States was made aware of judicial obstruction through the F.B.I. in Omaha, Nebraska and the Justice Department in Washington, D.C.

Witness Mimi Sanford was ADVISED by Deputy law clerk HAGAN of the 8th CIRCUIT COURT OF APPEALS in Missouri (defendant) that she was under no obligation to provide Mr. Robles an Affidavit attesting to the unlawful conduct of the Federal Court in Iowa. On November 18, 2005, the Plaintiff's were forcibly removed from their property by an excessive use of force (20-30 officers including SWAT) and forced to place their property in storage. On April 22, 2006, Plaintiff Gabriel Robles returning home from work was (without cause) followed and pulled over by two Bates City police officers near his ... and Plaintiff Bonnie Robles' home.

The plaintiff's were tole they were being held for extradition to Iowa on felony brandishing a weapon warrants. The Plaintiff's were released only after Gabriel Robles was allowed to visit the Lafayette County Jail law library and affirmed that he and Bonnie Vaughn (before marriage) were arrested and held contrary to the Constitution and the law.

During the incarceration of the Plaintiff's their storage rental went unpaid causing the Plaintiff's to lose all their personal property (including most of the evidence which would have proven their facts) and some property in Lafayette County, Missouri, including and especially their cat J. (Oranthal James Robles) aka OJ.

Plaintiff Gabriel Robles has had extensive contact with the courts based on the theory the racial and political make-up of the United States Judicial system is based ... largely on financial gains.

Also, based on population studies, our Congress does not represent African-Americans or Mexican-Americans as well as Affirmative Action and Equal Opportunity agencies of our government (defendant) propagandize in the media. This type of "smoke and mirrors" government and judicial system censored by the media of this country has led to the treasoness [sic] acts of illegal war and Katrina disasters.

The financial burden placed on the Plaintiff's in this filing attests to the theory of Plaintiff's Gabriel and Bonnie Robles.

RELATED CASES:
A jury may conclude that acts of PLAGIRISM [sic] by the Supreme Court of the United States of legal opinions in cases of Plaintiff Gabriel M. Robles.

* * *

This criminal conspiracy began years ago featuring many different players (felons) but all the Plaintiff's may be able to prove is what began as a small claims hearing on September 21, 2005 in Cerro Gordo County Iowa in a courtroom in which Plaintiff Robles was subjected to verbal abuse which would have provoked most people to violence.

These acts of conspiracy "under color of law" were joined into with malice aforthought [sic] "under color of law" by Missouri judicial officials after learning of the circumstances of the arrest and detention of the Plaintiff's on April 22, 2006.

Currently the Plaintiff's believe Gabriel's recent unemployment and his problems in obtaining steady permanent employment is connected to actions of the Defendants which will become the subject of another forthcoming lawsuit by the Plaintiff's.

The Plaintiff's have exhausted their "administrative" avenues of recourse and remain poverty stricken and one step away from homelessness due the [sic] the actions of the Defendants and the inaction and obstruction of this very Court.

The Plaintiff's are well aware of the ramifications of their claim, impeachment of U.S. Supreme Court Justices, termination of federal officials and court personnel and most likely imprisonment of many; but when you weigh that on the scales of justice against citizens lives in the Iraq war and victims of Katrina there is no doubt that a jury of the Plaintiff's peers will indeed find for the Plaintiff's in spite of the civil servents [sic] that believe they are above the law.

The Plaintiff's have endured two death threats coordinated and carried out by their [Defendants] employee's (officers) at gunpoint and Plaintiff Robles was threatened numerous times with bodily harm and lynching while in custody and Plaintiff Bonnie Robles was challenged to fistfights several times. The more time that passes as this case [is] "redtaped" the longer the Plaintiff's fear for their lives.

3

I.  DISCUSSION

Proceedings in forma pauperis are permitted by statute[1] and plaintiffs' affidavit clearly shows that they are currently unable to pay the costs of filing this action. Under 28 U.S.C. § 1915(e)(2)(B), however, district courts "shall dismiss" cases filed in forma pauperis "at any time if the court determines that ... the action ... (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Eighth Circuit Court of Appeals has instructed that a court must determine whether a complaint is frivolous or malicious before it grants in forma pauperis status to a plaintiff.  See Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994)(determining whether complaint is frivolous or malicious precedes decision whether to grant in forma pauperis status and whether to order issuance and service of process)(citing Gentile v. Missouri Dep't of Corr. & Human Res., 986 F.2d 214, 217 (8th Cir. 1993)).  See also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000)(section 1915(e) requires court to screen lawsuit and to dismiss sua sponte in forma pauperis complaint that fails to state claim).

The United States Supreme Court has defined a "frivolous" complaint as that which lacks an arguable basis in law or fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992), cert. denied, 507 U.S. 1009 (1993).  It lacks an arguable basis in law if the claim is based on an indisputably meritless legal theory.  See Neitzke, 490 U.S. at 327; Martinez, 977 F.2d at 423.  If a claim is fanciful or describes fantastic or delusional

---

[1] "[A]ny court of the United States may authorize the commencement ... of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

4

scenarios, then it is factually baseless. See Neitzke, 490 U.S. at 327-28; Perkins v. New Jersey Dep't of Labor, 154 F.R.D. 132, 133-34 (E.D. Pa. 1994). The term "malicious" has not been as clearly defined. However, when a plaintiff is asserting a claim that is obviously an attempt to harass the defendants, the claim is malicious. See Clay v. Yates, 809 F. Supp. 417, 428 (E.D. Va. 1992), aff'd, 36 F.3d 1091 (4th Cir. 1994)(action is malicious when used as a weapon to attack those who do not help plaintiff's cause or who fail to act as plaintiff wants them to act, rather than as vehicle for redress of legitimate claims); Spencer v. Rhodes, 656 F. Supp. 458, 463-64 (E.D.N.C.), aff'd, 826 F.2d 1061 (4th Cir. 1987)(suit is malicious when plaintiff brings suit merely to satisfy a desire for vengeance against defendants and not to rectify any wrong done to plaintiff).

Finally, although pro se complaints are to be construed liberally,[2] "they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990), and Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981)). The facts are to be taken in the light most favorable to the plaintiff and all well-pleaded allegations considered true. See Martin-Trigona v. Stewart, 691 F.2d 856, 858 (8th Cir. 1982). A court will not supply additional facts or construct a legal theory that assumes facts that have not been pleaded. See Stone, 364 F.3d at 914 (quoting Dunn, 880 F.2d at 1197).

As noted above, pro se complaints are to be liberally construed. However, plaintiffs' rambling assertions against a variety of unconnected private individuals and companies, governmental officials and government agencies make it almost impossible to discern how

---

[2]See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

plaintiffs are alleging they were injured by each of the defendants.[3]  A review of the proposed complaint suggests that as to many of the alleged claims, plaintiffs lack both standing and an actual case or controversy.

Standing is "a threshold issue in every case before a federal court:  If a plaintiff lack standing,  he or she cannot invoke its jurisdiction." Arkansas Right to Life State Political Action Comm. v. Butler, 146 F.3d 558, 560 (8th Cir. 1998).  To establish standing, a plaintiff "must demonstrate that  she has suffered an injury in fact, that her injury was caused by the conduct of the [defendants], and that her injury is likely to be redressed by a favorable ruling from a federal court." Park v. Forest Serv., 205 F.3d 1034, 1037 (8th Cir. 2000).  A plaintiff must not only allege an injury to invoke the jurisdiction of this Court, but must also allege an actual case or controversy under Article III of the Constitution.  Plaintiffs "must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction." O'Shea v. Littleton, 414 U.S. 488, 493 (1974).

Plaintiffs cannot satisfy the requirements of standing or an actual case or controversy with respect to many of their allegations.  For example, plaintiffs allege they attempted to file a federal lawsuit, but were given bogus instructions and, thus, their claim was dismissed. Plaintiffs allege that the United States was made of aware of the "judicial obstruction" through the FBI and Justice Department.  Plaintiffs also allege that Congress does not represent African-Americans or Mexican-Americans as well as affirmative action and equal opportunity agencies of our government

---

[3]Moreover, even if any of plaintiffs' claims were non-frivolous, the non-frivolous allegations are so intertwined with allegations that are "clearly baseless" so as to make the complaint when viewed in its entirety "wholly incredible." See Taylor v. United States, 1997 WL 1008226 (E.D. Mo. Dec. 18, 1997).

6

propagandize in the media. Plaintiffs suggest that this type of government has led to illegal war and the Katrina disaster.

The above claims either involve no actual injury to plaintiffs or no injury to plaintiffs that may be redressed by this Court.

Additionally, plaintiff is attempting to sue various governmental officials for actions taken in their official capacities. As set forth by the United States Supreme Court, government officials have immunity from suits for money damages arising out of their official acts. See Clinton v. Jones, 520 U.S. 681, 692-93 (1997). Prosecutors, legislators, judges, the President and heads of executive agencies must be able to perform their designated functions without fear that a particular decision may give rise to personal liability. Id. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), plaintiffs' claims against government officials must be dismissed.

It is also unclear what statutes plaintiffs are suing under. However, if plaintiffs' claims of racism are intended to be pursued pursuant to 42 U.S.C. § 1983, two essential elements must be present in order to assert a section 1983 action: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). As to the non-governmental officials, Randy Rodriguez and Roseanne Kempf, there are no allegations that their conduct was undertaken pursuant to color of state law.

With respect to plaintiffs' Application for Appointment of Counsel, the Court declines to appoint counsel to represent plaintiffs.

7

## II. CONCLUSION

It is clear from a review of plaintiffs' Civil Complaint that plaintiffs have failed to state any claims upon which this Court can grant relief. Therefore, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[4]

Based upon the foregoing, it is

ORDERED that plaintiffs' Application for Appointment of Counsel (doc. #3) is denied. It is further

ORDERED that plaintiffs' Application for Leave to File Action Without Payment of Fees (doc. #1) is denied. The case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal is without prejudice to the filing of a paid complaint.

                                               */s/ Sarah W. Hays*
                                                SARAH W. HAYS
                               UNITED STATES MAGISTRATE JUDGE

---

[4]Plaintiffs waived their right to proceed before a United States District Judge and voluntarily consented to have the undersigned United States Magistrate Judge conduct any and all proceedings in this case. The consent of defendants is not necessary since the complaint has not yet been filed. Therefore, the undersigned has jurisdiction to dismiss this action.